UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHON KLEIN, a California resident,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC PRIDE, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. C11-5699BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION |

This matter comes before the Court on Plaintiff Jonathon Klein's ("Klein") motion to strike counterclaims (Dkt. 15) and Defendant Charles Michael Towle's ("Towle") motion to amend answer (Dkt. 20). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby denies Klein's motion and grants Towle's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 2, 2011, Klein filed a complaint against multiple defendants, including Towle. Dkt. 1. On November 3, 2011, Towle answered and filed counterclaims against Klein for malicious prosecution and outrage. Dkt. 12.

On December 20, 2011, Klein filed a special motion to strike the counterclaims. Dkt. 15. On February 2, 2012, Towle moved to amend his answer. Dkt. 20. On February 6, 2012, Towle responded to Klein's motion. Dkt. 24. On February 10, 2012, Klein replied to his motion. Dkt. 27. On February 13, 2012, Klein responded to Towle's motion. Dkt. 29. On February 17, 2012, Towle replied to his motion. Dkt. 32.

ORDER - 1

## II.  DISCUSSION

A party may amend its pleading with leave of Court and the Court "should freely grant leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In considering whether to permit amendment, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, Towle requests leave to amend his answer to remove his counterclaims.  Dkt. 20 at 1-2.  Towle filed his motion after Klein filed his motion for attorney's fees and statutory damages arguing that Towle's counterclaims violate Washington's Act Limiting Strategic Lawsuits Against Public Participation ("SLAPP").  Klein opposes Towle's motion "to the extent that it allows Towle to escape anti-SLAPP liability."  Dkt. 29 at 2.  The Court is not persuaded that this alleged prejudice weighs in favor in declining Towle leave to amend.  Therefore, the Court grants Towle's motion and Towle shall file an amended answer no later than March 16, 2012.

With regard to Klein's motion, the alleged offending claims are no longer part of the action.  Therefore, the Court denies Klein's motion as moot.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Klein's motion to strike counterclaims (Dkt. 15) is **DENIED** and Towle's motion to amend answer (Dkt. 20) is **GRANTED**.  Towle shall file his answer no later than March 16, 2012.

DATED this 6th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2